IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANA REDMAN                              *
319 West Piedmont Street
Keyser, WV  26726                        *      Case No.:

             Plaintiff                   *

v.                                       *

CUMBERLAND NURSING CENTER a/k/a          *
CUMBERLAND VILLA NURSING CENTER
a/k/a CUMBERLAND VILLA NURSING CNTR*
Serve on:
Mary Schriver, Executive Director        *
512 Winifred Road
Cumberland, Maryland  21502              *

and                                      *

BEVERLY HEALTHCARE, INC.                 *
a subsidiary of
BEVERLY ENTERPRISES, INC.                *
5111 Rogers Avenue
Suite 40A                                *
Fort Smith, Arkansas  72919
Serve on:                                *
William A. Floyd, President
5111 Rogers Avenue                       *
Suite 40A
Fort Smith, Arkansas  72919              *

and                                      *

BEVERLY ENTERPRISES, INC.                *
5111 Rogers Avenue
Suite 40A                                *
Fort Smith, Arkansas  72919
Serve on:                                *
William A. Floyd, President
5111 Rogers Avenue                       *
Suite 40A
Fort Smith, Arkansas  72919              *

and                                      *
                                         *
BEVERLY ENTERPRISES-MARYLAND, INC.
873 South Fair Oaks Avenue               *
Bin 51
Pasadena, California  91105              *
Serve on:
Resident Agent                           *
CSC Lawyers Inc. Service Co.

11 East Chase Street                      *
Baltimore, Maryland  21202
                                          *
and
                                          *
BEVERLY HEALTH AND REHABILITATION
SERVICES, INC.                            *
873 South Fair Oaks Avenue
Pasadena, California  91105               *
<u>Serve on:</u>
Resident Agent                            *
CSC Lawyers Inc. Service Co.
11 East Chase Street                      *
Baltimore, Maryland  21202
                                          *
and
                                          *
WESTERN MARYLAND HEALTH SYSTEM
a/k/a WESTERN MARYLAND HEALTH             *
SYSTEM, INC.
900 Seton Drive                           *
Cumberland, Maryland  21502
<u>Serve on:</u>                                 *
Resident Agent
Edward M. Dinan                           *
900 Seton Drive
Cumberland, Maryland  21502               *

        Defendants                        *

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *


                <u>COMPLAINT AND ELECTION FOR JURY TRIAL</u>

        Dana Redman, Plaintiff, by Jeffrey S. Goldstein, Jeffrey S.

Goldstein, P.A., Bertram M. Goldstein, and Bertram M. Goldstein &

Associates, P.A., her attorneys, sues Cumberland Nursing Center

a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa

Nursing Cntr; Beverly Healthcare, Inc.; Beverly Enterprises, Inc.;

Beverly Enterprises-Maryland, Inc.; Beverly Health and

Rehabilitation Services, Inc.; and Western Maryland Health System

a/k/a Western Maryland Health System, Inc., Defendants, and for

causes of action states the following:

1.   This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. Section 1332 by virtue of the diversity of citizenship of the parties and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2.   Venue is proper in this Court under 28 U.S.C. Section 1391 in that a substantial part of the events which give rise to this claim occurred in the state of Maryland.

3.   This action was originally filed in the Health Claims Arbitration Office of Maryland on July 25, 2003.  The Certificate of a Qualified Expert was filed on October 21, 2003.  On October 21, 2003, the Plaintiff filed an Election to Waive Arbitration with the Health Claims Arbitration Office, a copy of which is attached hereto as Exhibit A.

4.   The Plaintiff, Dana Redman, is a citizen and resident of Keyser, West Virginia, residing at 319 West Piedmont Street, Keyser, West Virginia 26726.

5.   At all times material hereto, Defendant, Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr, was a Health Care Provider and a licensed and registered nursing facility in Allegany County, Maryland, by which its agents, servants, and employees regularly offered medical and nursing service and medical and nursing care to patients.  Said Defendant is thus subject to the jurisdiction of the Courts of this State.

3

6.    Upon information and belief, at all times relevant
hereto, Cumberland Nursing Center a/k/a Cumberland Villa Nursing
Center a/k/a Cumberland Villa Nursing Cntr, was and is a licensed
and registered nursing facility with the State of Maryland, and is
a corporation or other type of business entity incorporated or
otherwise organized and established under the laws of the State of
Maryland with its principal place of business at 512 Winifred Road,
Cumberland, Maryland 21502, and was and is a member of a
proprietary corporation engaged in the operation of a nursing
facility, which claimed to specialize in the care of helpless
individuals who are chronically infirm, mentally dysfunctional,
and/or in need of medical and nursing care and treatment.

7.    At all times material hereto, Defendant, Beverly
Healthcare, Inc., a subsidiary of Beverly Enterprises, Inc., was
and is a licensed Health Care Provider, owning and operating
numerous nursing homes and assisted-living centers, including
Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center
a/k/a Cumberland Villa Nursing Cntr, located at 512 Winifred Road,
Cumberland, Allegany County, Maryland, by which its agents,
servants, and employees regularly offered medical and nursing
service and medical and nursing care to patients.  Said Defendant
is thus subject to the jurisdiction of the Courts of this State.

8.    Upon information and belief, at all times relevant
hereto, Beverly Healthcare, Inc., a subsidiary of Beverly
Enterprises, Inc., was and is a licensed and registered Health Care
Provider with operations in the State of Maryland, and is a

4

Delaware corporation with its principal place of business in Fort
Smith, Arkansas, and was and is a proprietary corporation engaged
in the operation of nursing facilities, including, Cumberland
Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a
Cumberland Villa Nursing Cntr, which claimed to specialize in the
care of helpless individuals who are chronically infirm, mentally
dysfunctional, and/or in need of medical and nursing care and
treatment.

9.   At all times material hereto, Defendant, Beverly
Enterprises, Inc., was and is a licensed Health Care Provider,
owning and operating numerous nursing homes and assisted living
centers, including Cumberland Nursing Center a/k/a Cumberland Villa
Nursing Center a/k/a Cumberland Villa Nursing Cntr, located at 512
Winifred Road, Cumberland, Allegany County, Maryland by which its
agents, servants, and employees regularly offered medical and
nursing service and medical and nursing care to patients.  Said
Defendant is thus subject to the jurisdiction of the Courts of this
State.

10.   Upon information and belief, at all times relevant
hereto, Beverly Enterprises, Inc., was and is a licensed and
registered Health Care Provider with operations in the State of
Maryland, and is a Delaware corporation with its principal place of
business in Fort Smith, Arkansas, and was and is a proprietary
corporation engaged in the operation of nursing facilities,
including, Cumberland Nursing Center a/k/a Cumberland Villa Nursing
Center a/k/a Cumberland Villa Nursing Cntr, which claimed to

specialize in the care of helpless individuals who are chronically infirm, mentally dysfunctional, and/or in need of medical and nursing care and treatment.

11.  At all times material hereto, Defendant, Beverly Enterprises-Maryland, Inc., was and is a licensed Health Care Provider, owning and operating numerous nursing homes and assisted living centers, including Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr, located at 512 Winifred Road, Cumberland, Allegany County, Maryland by which its agents, servants, and employees regularly offered medical and nursing service and medical and nursing care to patients.  Said Defendant is thus subject to the jurisdiction of the Courts of this State.

12.  Upon information and belief, at all times relevant hereto, Beverly Enterprises-Maryland, Inc., was and is a licensed and registered Health Care Provider with operations in the State of Maryland, and is a California corporation with its principal place of business in Pasadena, California, and was and is a proprietary corporation engaged in the operation of nursing facilities, including, Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr, which claimed to specialize in the care of helpless individuals who are chronically infirm, mentally dysfunctional, and/or in need of medical and nursing care and treatment.

13.  At all times material hereto, Defendant, Beverly Health and Rehabilitation Services, Inc., was and is a licensed Health

6

Care Provider, owning and operating numerous nursing homes and assisted living centers, including Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr, located at 512 Winifred Road, Cumberland, Allegany County, Maryland by which its agents, servants, and employees regularly offered medical and nursing service and medical and nursing care to patients.  Said Defendant is thus subject to the jurisdiction of the Courts of this State.

14.  Upon information and belief, at all times relevant hereto, Beverly Health and Rehabilitation Services, Inc., was and is a licensed and registered Health Care Provider with operations in the State of Maryland, and is a California corporation with its principal place of business in Pasadena, California, and was and is a proprietary corporation engaged in the operation of nursing facilities, including, Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr, which claimed to specialize in the care of helpless individuals who are chronically infirm, mentally dysfunctional, and/or in need of medical and nursing care and treatment.

15.  At all times material hereto, Defendant, Western Maryland Health System a/k/a Maryland Health System, Inc., was and is a licensed Health Care Provider, affiliated with Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr, located at 512 Winifred Road, Cumberland, Allegany County, Maryland by which its agents, servants, and employees

regularly offered medical and nursing service and medical and nursing care to patients.  Said Defendant is thus subject to the jurisdiction of the Courts of this State.

16.  Upon information and belief, at all times relevant hereto, Western Maryland Health System a/k/a Maryland Health System, Inc., was and is a licensed and registered Health Care Provider with operations in the State of Maryland, and is a Maryland corporation with its principal place of business in Cumberland, Maryland, and was and is a proprietary corporation affiliated with Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr, which claimed to specialize in the care of helpless individuals who are chronically infirm, mentally dysfunctional, and/or in need of medical and nursing care and treatment.

17.  At all times material hereto, Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr; Beverly Healthcare, Inc.; Beverly Enterprises, Inc.; Beverly Enterprises-Maryland, Inc.; Beverly Health and Rehabilitation Services, Inc.; and/or Western Maryland Health System a/k/a Maryland Health System, Inc., (hereinafter collectively referred to as "Cumberland Nursing Center"), operated and did business as Cumberland Nursing Center, located at 512 Winifred Road, Cumberland, Maryland 21502.

18.  The Defendants, Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr; Beverly Healthcare, Inc.; Beverly Enterprises, Inc.; Beverly

8

Enterprises-Maryland, Inc.; Beverly Health and Rehabilitation Services, Inc.; and/or Western Maryland Health System a/k/a Maryland Health System, Inc., held out to Dana Redman, the Maryland Department of Health and Mental Hygiene, and the public at large as being skilled in the performance of nursing, rehabilitative, and medical support services, properly staffed, supervised and equipped to meet the total needs of its nursing facility residents, and able to specially meet the total nursing, medical, and physical needs of Dana Redman and other residents like her.

19.  Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr; Beverly Healthcare, Inc.; Beverly Enterprises, Inc.; Beverly Enterprises-Maryland, Inc.; Beverly Health and Rehabilitation Services, Inc.; and/or Western Maryland Health System a/k/a Maryland Health System, Inc., abused their trust through negligence which ultimately and proximately caused Dana Redman to suffer catastrophic injuries requiring emergency surgery, endangering her life, and resulting in permanent injuries.

20.  Moreover, Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr; Beverly Healthcare, Inc.; Beverly Enterprises, Inc.; Beverly Enterprises-Maryland, Inc.; Beverly Health and Rehabilitation Services, Inc.; and/or Western Maryland Health System a/k/a Maryland Health System, Inc., wholly failed to discharge their obligations and breached the standard of care owed to Dana Redman.  As a consequence thereof, Dana Redman suffered catastrophic injuries, extreme pain,

suffering, and mental anguish.

21.   On May 19, 2000, Dana Redman was involved in a motor
vehicle accident in which she sustained serious injuries.  She was
initially admitted to University of Maryland Medical System – Shock
Trauma Center, where she underwent numerous surgical procedures,
including placement of a #14 French Foley jejunal feeding tube
a/k/a and or referred to in Ms. Redman's records as a J-tube, PEJ
tube, G-tube, PEG-tube, nasogastric tube, and gastrostomy tube (J-
tube) that was surgically inserted into her proximal jejunum on May
20, 2000, at University of Maryland Medical Center; application of
an external fixator to her pelvis with closed manipulation of the
pelvis; and right iliosacral screw fixation.  The jejunal feeding
tube was subsequently replaced in the operating room of the
University of Maryland Medical System – Shock Trauma Center on June
6, 2000, with a #14 French red rubber catheter with the tip cut
off.  She remained at Shock Trauma until June 15, 2000.

22.   On June 15, 2000, Ms. Redman was transferred to
Cumberland Memorial Hospital, where she received inpatient care for
her accident related injuries until July 14, 2000, when she
returned to University of Maryland Medical System – Shock Trauma
Center.

23.   Ms. Redman remained an inpatient at the University of
Maryland Medical System – Shock Trauma Center until July 20, 2000,
when she was transferred to Cumberland Nursing Center.

24.   At the time of her transfer to Cumberland Nursing Center,
she was still suffering from her injuries, including her facial

injuries. Due to her facial injuries, Ms. Redman had her jaw wired shut and was forced to receive food through a feeding tube, as aforementioned.

25.  Dana Redman required another surgery on July 25, 2000, and returned to University of Maryland Medical System – Shock Trauma Center for that purpose.  On July 25, 2000, Ms. Redman underwent surgery for her mandibular fractures.  The following day, July 26, 2000, she was discharged from University of Maryland Medical System – Shock Trauma Center and returned to Cumberland Nursing Center.

26.  During the course of her consecutive hospitalizations, ranging from May 19, 2000, until July 31, 2003, and even subsequent thereto, Dana Redman was fed almost exclusively through a J-tube.

27.  On July 31, 2003, at approximately 5:02 p.m., Dana Redman's #14 French red rubber catheter J-tube fell out and was replaced by a nursing supervisor who was an agent, servant and employee of the Defendants, with a 16 gauge tube. The nurse who replaced the J-tube was an agent, servant and/or employee of, and was acting within the scope of their employment with Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr; Beverly Healthcare, Inc.; Beverly Enterprises, Inc.; Beverly Enterprises-Maryland, Inc.; Beverly Health and Rehabilitation Services, Inc.; and Western Maryland Health System a/k/a Maryland Health System, Inc., and had actual, expressed, implied, ostensible, and/or apparent authority to act on their behalf as their employee, agent, servant, and/or other

11

representative.

28.   Later that evening, Dana Redman began experiencing pain
at the feeding tube (J-tube) site. As the night progressed, Ms.
Redman continued to experience pain at the feeding tube (J-tube)
site.  In addition, she was suffering from nausea and vomiting. The
nursing staff continued to administer pain medication to Ms. Redman
for her complaints.

29.   On August 1, 2000, at 8:00 a.m., Dr. Halmos provided
orders to transfer Dana Redman to the hospital for evaluation.  Ms.
Redman was still experiencing nausea and dry heaves, her skin was
warm to the touch and she was diaphoretic.  She complained of
increased pain to abdominal area.

30.   At 2:04 p.m., on August 1, 2000, Ms. Redman was
transferred to University of Maryland Medical System - Shock Trauma
Center. Upon admission to University of Maryland Medical System -
Shock Trauma Center, it was discovered that Ms. Redman had
extensive necrotizing fasciitis of the left abdominal wall and left
flank, secondary to infusion of tube feeding from a mal-positioned
J-tube.  Her admission diagnosis was: Abdominal wall soft tissue
infection. Subsequent CT Scans of the pelvis and abdomen were
performed where by it was disclosed there was infection in the left
abdomen and that there was extensive subcutaneous air and
subcutaneous infiltration.

31.   Ms. Redman was immediately scheduled for emergency
surgery.  On August 2, 2000, with a preoperative diagnosis of
necrotizing soft tissue infection of the left anterior and lateral

abdominal wall, status post dislodgement and replacement of a percutaneous gastrostomy tube, Ms. Redman underwent wide local excision debridement of the tissues and placement of a VAC dressing.  During this admission, Ms. Redman endured multiple debridements and delayed primary closure of left abdominal wall status post infiltration of a feeding tube (G-tube) to the subcutaneous tissues of the abdominal wall.  She was taken back to the emergency room on several occasions for a VAC change and inspection of the wound.

32.  In order to perform the required surgery, and administer therapy, Ms. Redman's external fixator of her pelvis was prematurely removed. Following her corrective surgery on August 2, 2000, Ms. Redman was started on hyperbaric oxygen therapy and was placed in a hyperbaric chamber. On August 7, 2000, Ms. Redman again returned to the operating room where she underwent partial closure of the wound.

33.  Ms. Redman remained in the hospital for treatment and observation necessitated by complications from the malpositioned feeding tube until August 15, 2000. She was discharged on August 15, 2000, to another hospital for further care.  However, she was ordered to return for follow-up.

34.  As a result of the surgery and premature removal of the external pelvic fixation device, Ms. Redman has experienced, and continues to experience problems with the pelvic rods, one of which has subsequently bent.

13

<u>COUNT I</u>

<u>(Negligence)</u>

Dana Redman, Plaintiff, sues Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr; Beverly Healthcare, Inc.; Beverly Enterprises, Inc.; Beverly Enterprises-Maryland, Inc.; Beverly Health and Rehabilitation Services, Inc.; and/or Western Maryland Health System a/k/a Maryland Health System, Inc., Defendants, and for causes of action states the following:

35.  The Plaintiff incorporates by reference Paragraphs 1 through 34 of this Complaint, with the same force and effect as if the same were set forth in full herein.

36.  The Defendants, Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr; Beverly Healthcare, Inc.; Beverly Enterprises, Inc.; Beverly Enterprises-Maryland, Inc.; Beverly Health and Rehabilitation Services, Inc.; and/or Western Maryland Health System a/k/a Maryland Health System, Inc., owed a duty to the Plaintiff to exercise due care in their medical care and treatment of her.  The Defendants breached this duty of care, and deviated from the standard of care in which they and/or their employees, servants, and/or agents provided care and treatment to Dana Redman, including, but not limited to, the following:

> a)   failed to properly replace the dislodged J-tube;
>
> b)   failed to use the correct size replacement J-tube;
>
> c)   failed to take the timely steps required to

appropriately recognize and rectify the mal-
positioned J-tube;

d)   failed to respond timely to Dana Redman's concerns
and apprehensions about the new J-tube;

e)   failed to timely seek a medical doctor's opinion
regarding the new J-tube;

f)   failed to timely recognize and investigate etiology
of pain complained of by Dana Redman at J-tube site;

g)   failed to timely diagnose the infection;

h)   failed to timely, adequately and properly treat the
infection;

i)   failed to properly and timely consult with, refer,
and/or transfer the Plaintiff to the care of a
competent health care provider;

j)   failed to prescribe the appropriate necessary
medications to prevent the Plaintiff's infection;

k)   failed to prescribe the appropriate necessary
medications to prevent the growth of the Plaintiff's
infection;

l)   failed to prescribe the appropriate treatment of the
Plaintiff's wound infection to prevent the onset of
necrotizing soft tissue infection;

m)   failed to ensure that staff was qualified to
perform assigned duties;

n)   failed to provide sufficient and qualified personnel
and nursing staff to meet the total needs of Dana

Redman;

o)  failed to provide adequate supervision of personnel and nursing staff; and

p)  were otherwise negligent and deviated from the standard of care in their care and treatment of Dana Redman.

37.  And, as a further result thereof, the Plaintiff, has been caused to incur, and will in the future be caused to incur extensive medical and hospital care and treatment; has, is and will in the future be totally disabled which has caused and will continue to cause substantial loss of income; and will be permanently impaired in her income earning capacity, and was otherwise injured and damaged.

38.  Plaintiff, Dana Redman, further alleges that the injuries and damages herein complained of were proximately caused by the negligence and want of care of the Defendants, without any negligence on the Plaintiff's part contributing thereto.

WHEREFORE, the Plaintiff, Dana Redman, claims compensatory damages in excess of Twenty Five Thousand Dollars ($25,000.00).

## Count II

### (Consumer Protection Act Violations)

Dana Redman, Plaintiff, sues Cumberland Nursing Center a/k/a Cumberland Villa Nursing Center a/k/a Cumberland Villa Nursing Cntr; Beverly Healthcare, Inc.; Beverly Enterprises, Inc.; Beverly Enterprises-Maryland, Inc.; Beverly Health and

Rehabilitation Services, Inc.; and/or Western Maryland Health System a/k/a Maryland Health System, Inc., Defendants, and for causes of action states the following:

39.   The Plaintiff incorporates by reference Paragraphs 1 through 34 of the Complaint as if the same were set forth in full herein.

40.   The Maryland Consumer Protection Act, Annotated Code of Maryland, Section 13-301, prohibits nursing facilities from engaging in any unfair or deceptive trade practices.

41.   The Defendants violated the Maryland Consumer Protection Act by making unfair and deceptive trade practices to Dana Redman concerning the level of subprofessional, nursing and medical services Ms. Redman would receive at Cumberland Nursing Center, including that it would secure and protect her from harm and keep her safe, and otherwise prevent her from being dropped on the floor at the facility when the facility did not have the means, capacity, or intention of providing such services to Ms. Redman.

42.   The Defendants further engaged in unfair and deceptive trade practices by representing that Cumberland Nursing Center was and is in compliance with the Maryland Department of Health and Mental Hygiene's minimum licensing standards for nursing homes detailed in the Code of Maryland Regulations, 10.07.02.01, *et seq.*, 10.07.09.08., 09, and .14 and the regulations of the United States

Department of Health and Human Services, 42 C.F.R. 405, *et seq*. At the time Dana Redman was admitted to Cumberland Nursing Center a/k/a Cumberland Nursing Center, and thereafter, the Defendants misrepresented and failed to disclose material facts, and otherwise engaged in unfair and deceptive trade practices by misrepresenting their ability to meet the total subprofessional, medical, and nursing needs of Dana Redman, and specifically with regard to its ability to prevent Ms. Redman from enduring a misplaced J-tube and suffering from the consequential infection and necrotizing soft tissue infection and sequela of surgical procedures and treatment related thereto.

43.   The Defendants therefore violated the Maryland Consumer Protection Act.

44.   Section 13-408 of the Act provides a cause of action for damages for violations of the Act.

45.   Injuries set out in the proceeding Counts of the Complaint resulted from the Defendants' violations of the Act.

WHEREFORE, this claim is brought and the Plaintiff claims compensatory damages against the Defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), together with costs and such other, further and different relief as against the Defendants, as is just.

Respectfully submitted,

_____
Jeffrey S. Goldstein
JEFFREY S. GOLDSTEIN, P.A.
One North Charles Street
Suite 222
Baltimore, Maryland 21201
(410) 539-2222

_____
Bertram M. Goldstein
BERTRAM M. GOLDSTEIN
    & ASSOCIATES, P.A.
One North Charles Street
Suite 222
Baltimore, Maryland 21201
(410) 539-2222

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANA REDMAN                          *
319 West Piedmont Street
Keyser, WV  26726                    *      Case No.:

            Plaintiff                *

19

```
v.                                      *

CUMBERLAND NURSING CENTER a/k/a        *
CUMBERLAND VILLA NURSING CENTER
a/k/a CUMBERLAND VILLA NURSING CNTR*
Serve on:
Mary Schriver, Executive Director      *
512 Winifred Road
Cumberland, Maryland  21502            *

and                                     *

BEVERLY HEALTHCARE, INC.               *
a subsidiary of
BEVERLY ENTERPRISES, INC.              *
5111 Rogers Avenue
Suite 40A                               *
Fort Smith, Arkansas  72919
Serve on:                               *
William A. Floyd, President
5111 Rogers Avenue                      *
Suite 40A
Fort Smith, Arkansas  72919            *

and                                     *

BEVERLY ENTERPRISES, INC.              *
5111 Rogers Avenue
Suite 40A                               *
Fort Smith, Arkansas  72919
Serve on:                               *
William A. Floyd, President
5111 Rogers Avenue                      *
Suite 40A
Fort Smith, Arkansas  72919            *

and                                     *
                                        *
BEVERLY ENTERPRISES-MARYLAND, INC.
873 South Fair Oaks Avenue             *
Bin 51
Pasadena, California  91105            *
Serve on:
Resident Agent                          *
CSC Lawyers Inc. Service Co.
11 East Chase Street                    *
Baltimore, Maryland  21202
                                        *
and                                     *
                                        *
BEVERLY HEALTH AND REHABILITATION
SERVICES, INC.                          *
```

```
873 South Fair Oaks Avenue
Pasadena, California  91105        *
Serve on:
Resident Agent                     *
CSC Lawyers Inc. Service Co.
11 East Chase Street               *
Baltimore, Maryland  21202
                                   *
and
                                   *
WESTERN MARYLAND HEALTH SYSTEM
a/k/a WESTERN MARYLAND HEALTH       *
SYSTEM, INC.
900 Seton Drive                    *
Cumberland, Maryland  21502
Serve on:                          *
Resident Agent
Edward M. Dinan                    *
900 Seton Drive
Cumberland, Maryland  21502        *

     Defendants                    *

*    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## ELECTION FOR JURY TRIAL

The Plaintiff in the above-captioned action elects to have said action tried before a jury.

Respectfully submitted,

_____
Jeffrey S. Goldstein
JEFFREY S. GOLDSTEIN, P.A.
One North Charles Street
Suite 222
Baltimore, Maryland 21201
(410) 539-2222

_____
Bertram M. Goldstein

BERTRAM M. GOLDSTEIN
     & ASSOCIATES, P.A.
One North Charles Street
Suite 222
Baltimore, Maryland 21201
(410) 539-2222

**Attorneys for the Plaintiff**